## Abraham Sheldon *versus* Robert R. Root.

Money in specie may be attached and taken in execution ; but in levying the execution thereon a sale is unnecessary. [See Revised Stat. *c.* 97, § 19, 20, 21.]

Where money in specie paid over to an assignee under a fraudulent assignment was attached as the property of the assignor, the attachment was held valid.

A witness, in reply to a question as to the situation of J. H. in regard to property, testified, that " he was *considered* in good circumstances as to property." It was *held*, that this was hearsay evidence, and therefore incompetent.

Trespass to recover the value of thirty-five dollars in silver coin, which was taken from the possession of the plaintiff by the defendant, who was a deputy sheriff, on November 7, 1831. The defendant pleaded the general issue, and filed a brief statement, which alleged, that he attached the coin in question as the property of one John

Harmon, upon a writ issued in favor of Asenath Hamilton that on June 2, 1832, an execution was issued upon the judgment recovered in that action, that the property attached was applied towards the payment thereof, and that this was the trespass complained of in the declaration.

At the trial in the Court of Common Pleas, before *Strong* J., it appeared, that the coin was received by the plaintiff in part payment of a debt due to Harmon, which debt was assigned by Harmon to the plaintiff on July 13, 1830, with a power of attorney authorizing him to collect it for his own use.

It did not appear by the return of the execution, that the coin had been taken by virtue thereof, or that it had been advertised for sale, or that it had been sold, under such execution.

The defendant contended, that the assignment was made by Harmon for the purpose of defrauding his creditors ; and this question was submitted to the jury.

The plaintiff read in evidence the deposition of N. Roplee, which was taken under a commission. The second interrogatory to the deponent was as follows : " What was the situation of said John Harmon, on the 13th day of July, 1830, as to property ? " In.answer to this interrogatory, the deponent testified, " that the said John Harmon was considered, on the 13th of July, 1830, in good circumstances, as to property." The defendant objected to the admission of this answer in evidence. Tne plaintiff contended, that the objection should have been made to the interrogatory before the commission was issued. The judge decided, that the interrogatory was well enough, but that the answer was not an answer to the interrogatory ; and it was rejected.

The judge, in order to obtain the opinion of the jury upon the other evidence, instructed them, that the silver coin was attachable ; but that if it was not, the plaintiff could not take the objection.

The jury returned a verdict for the defendant. The plaintiff excepted.

*Sept. 16th*   *Jones* and *Nash*, for the plaintiff, to the point, that by the common law coin is not liable to seizure on execution, cited

*Bond* v. *Ward*, 7 Mass. R. 123 ; *Pierce* v. *Jackson*, 6 Mass. R. 242 ; Bac. Abr. *Distress, B,* and *Replevin and Avowry, F* ; *Knight* v. *Criddle*, 9 East, 48 ; *Fieldhouse* v. *Croft*, 4 East, 510 ; *Knowlton* v. *Bartlett*, 1 Pick. 271 ; *Turner* v. *Fendall*, 1 Cranch, 117 ; and to the point, that the answer of the deponent, which was rejected, was competent evidence, *Griffin* v. *Brown*, 2 Pick. 304.

*Briggs* and *Hall*, for the defendant, as to the liability of coin to seizure on execution, cited *Hallowell & Aug. Bank* v. *Howard*, 14 Mass. R. 181.

WILDE J. delivered the opinion of the Court. Whatever doubts may have been entertained formerly on the question, whether money be attachable and can be taken on execution or not, they are, we think, entirely removed by the case of *Turner* v. *Fendall*, 1 Cranch, 117.

There seems to be no good reason why money should not be attached and taken on execution as well as other property. The quaint reasons given in some of the old cases, viz. that money cannot be identified, and cannot be sold, seems to have very little weight ; for money may be identified as well as other property, though not always with equal facility. Then as to the sale of money, that to be sure would be an absurdity, and for that reason the *St.* 1783, *c.* 57, § 5, which directs the sale of goods or chattels taken on execution, is not applicable to money ; but this by no means shows, that money cannot be taken on execution. On the contrary, the sheriff is expressly directed by the form of the execution as prescribed by law, to cause the execution to be paid and satisfied out of the *money*, goods or chattels of the debtor. This is decisive as to the question, whether money may be taken on execution. And if money is liable to be taken on execution, we think it equally clear that it is liable to attachment. The object of an attachment is, to secure such property of the debtor as may be liable to be taken on execution. The officer is commanded to attach the goods and estate of the debtor, which certainly includes money. A bequest of a man's goods and estate would undoubtedly pass money ; and the command of the writ, therefore, authorized the attachment.

*Sheldon v. Root.*

*May term 1836*

Sheldon
v.
Root.

But it is objected, that the money attached was not the property of Harmon, and this objection would be well founded, if it had appeared, that the plaintiff was an officer or an agent or attorney lawfully authorized to collect the money. But he obtained the money by means of a fraudulent assignment, and as against the creditors of Harmon he had no right or property, and therefore cannot maintain this action. By the payment to the plaintiff the debt to Harmon was discharged, and the money became his property, for it could not become the property of the plaintiff, by reason of the fraud.

In regard to the deposition, we think it was rightfully rejected. The answer of the deponent was hearsay evidence, as to the circumstances of Harmon, stating what they were reputed to be, and not what he knew them to be. It was contended that the objection should have been made to the interrogatory before the commission issued. But the interrogatory was unexceptionable. The witness was asked, what were the circumstances of Harmon, and not what they were reputed to be.

*Judgment of the Court of Common Pleas affirmed.*